**L. D. H., Plaintiff-Appellant,**

v.

**T. P. H., Defendant-Respondent.**

**No. 34582.**

Missouri Court of Appeals,
St. Louis District.

March 13, 1973.

Maniscalco, Clancy, Pittman & Bagot, Clayton, for plaintiff-appellant.

Heneghan, Roberts & Godfrey, Kemper R. Coffelt, St. Louis, for defendant-respondent.

WEIER, Judge.

This is a divorce case wherein the plaintiff-husband was awarded the divorce and custody of the two oldest children born of the marriage, and the defendant-wife was awarded custody of the youngest child. The single point raised on appeal complains of error by the trial court in its finding and decree awarding defendant the custody of the youngest child. Plaintiff contends that this part of the decree was in error because the evidence clearly showed that the welfare of the infant was best served by being raised with her two older sisters and that the defendant was morally unsuited to raise the child.

By stipulation, it was agreed that the plaintiff was the innocent and injured spouse and had grounds for a divorce in the case. The evidence indicated that at time of separation defendant had left St. Louis with the two youngest of the three children and another man. When plaintiff found the location of the defendant and the two children, he went after them and brought them home. He had custody of the three children from that time until the divorce. Defendant has co-habited with the other man since the separation and although he is married, after his divorce they have intentions of re-marriage.

No question has been raised or could very well be raised as to grounds for divorce. The question with regard to which parent was the best suited to have custody of the youngest child cannot be so easily decided. The three girls were 12 years, 10 years, and 2 years of age at the time of divorce. Plaintiff has been a devoted father and has concerned himself with the children's welfare. He has prepared meals, has transported the two oldest girls to school, and has helped them with their homework. He has maintained a home in the country and has taken the children there about three times a month during the summer. He has taken the girls on trips and has assisted in keeping them interested in various activities. The oldest two are doing well in school. His plan for the future without the help of defendant is to keep and maintain the present home and raise the children there with help from his parents who live about a mile away. There is a good relationship between the children and their paternal grandparents. When plaintiff is at work, the youngest child stays with plaintiff's mother and the two oldest girls frequently stay all night at the paternal grandparents' home.

Defendant evidenced a continuing interest in the children. She indicated that she could establish a home for them in the home of her mother and father, where she has been staying since returning to Missouri. She also works during the day but by keeping the children at her mother's home, she would receive the benefit of care from the grandmother who is home at one o'clock each afternoon after work and the grandfather who is at home at all times, being on some type of disability retirement.

The parties agreed to a child custody study by the domestic relations service office of the St. Louis County Circuit Court. The report of this agency was admitted into evidence by agreement and indicates that after an extensive investigation of the persons involved, there is a close relationship between the two oldest girls and the paternal grandmother. Plaintiff, of

course, had to depend upon his mother for help in caring for his daughters. But his mother had health problems and had the responsibility of caring for a paraplegic son so that the responsibility for all three girls might be too much additional burden on her. On the other hand, the two oldest girls were estranged from their mother, the defendant, and it would be extremely hard on these two, in view of their attitude, to place their custody with defendant. As to the youngest child, the agency report recommended that she be placed in her mother's custody provided that child care plans and future living arrangements could be arranged. Evidently the trial court considered that the care received at the maternal grandmother's home would be equal to that which the child had received in the paternal grandmother's home, especially in view of the problems of the paternal grandmother and the heavy burden which she has assumed. We have concluded that we must agree with the decree of the lower court with regard to the custody of the youngest child, R. H., and affirm the decree.

When the normal life of a child is interrupted by a breach of the marital relationship of its parents, and the court is called upon to determine matters of care, custody and support, the court must be guided by what in its considered judgment is in the best interest of the child. The welfare of the child is the paramount consideration. McPherson v. McPherson, 447 S.W.2d 791, 794 [4] (Mo.App.1969). Normally, where all else is equal, the custody of a child of tender years will be given to the mother. Stanfield v. Stanfield, 435 S. W.2d 690, 691 [4] (Mo.App.1968). But even as indicated in *Stanfield,* things are not always equal and, as was done there, small children may be given to the father. We are not capable of perspicuous omniscience and it is possible that the placement of the youngest child with the mother may not be to the child's best interest. However, at this time, based upon the evidence in the trial of this case, it seemed to the trial court that this was the best solution. We cannot say this was clearly erroneous. In the event that the child's best welfare is not served by such an arrangement, there can always be modification if the changing circumstances so indicate.

The judgment is affirmed.

DOWD, C. J., and CLEMENS and McMILLIAN, JJ., concur.